UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARISELLA SOSA,**<br><br>**Plaintiff**<br><br>v.<br><br>**COUNTY OF FRESNO, CORRECTIONAL OFFICER JESSICA KAMPEN, and DOES 1 through 20, inclusive,**<br><br>**Defendants** | **CASE NO. 1:13-CV-2027 AWI GSA**<br><br>**ORDER DENYING MOTION TO DISMISS AND REMANDING CASE**<br><br>(Doc. No. 6) |

On December 11, 2014, the County of Fresno removed this matter from the Fresno County Superior Court. The complaint that was removed was the Third Amended Complaint ("TAC"). On December 20, 2014, the County filed a motion to dismiss the TAC. On January 20, 2014, Plaintiff filed an opposition. As part of the opposition, Plaintiff states that, although the County of Fresno and Officer Kampen appear in the style of the TAC, neither the County nor Officer Kampen are actually parties. That is, "The TAC does not name the County as a defendant." Doc. No. 7 at 2:6-8. Because the County is not a party, Plaintiff states that removal was improper and indicates that the Court should remand the case. See id. at 2:20-3:13. In reply, the County states that it was served with the TAC and that its name still appears, so it reasonably believed it was a party. However, the County states that the Plaintiff is master of her complaint and if Plaintiff states that the County is not a party, then the Court can rely on that representation and remand this case back to state court. The County argues that the remand should be without prejudice to the ability of any subsequently named Doe defendant to remove to this Court.

*Discussion*

The TAC is somewhat ambiguous. There are allegations that mention the County, but the relief requested is only against Doe Defendants. However, the County is correct that the Plaintiff is the master of her complaint. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The Court will take Plaintiff at her word and hold that the County is not a party to the TAC. See Doc.

No. 7 at 2:6-8. Since the County is not a party, let alone a defendant, the County could not remove this case. See 28 U.S.C. § 1441; Housing Auth. of Atlanta v. Millwood, 472 F.2d 268, 272 (5th Cir. 1973); Gross v. Deberardinis, 722 F.Supp.2d 532, 534-35 (D. Del. 2010); Newman & Cahn, LLP v. Sharp, 388 F.Supp.2d 115, 117 (E.D. N.Y. 2005). Removal by a non-party does not invoke a district court's removal jurisdiction. See Housing, 472 F.2d at 272; Juliano v. Citigroup, N.A., 626 F.Supp.2d 317, 319 (E.D. N.Y. 2009).

Because all doubts are construed against removal jurisdiction, Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010), and the County is not a party to the TAC, see Doc. No. 7 at 2:6-8, this Court's jurisdiction has not been invoked. See Housing, 472 F.2d at 272; Juliano, 626 F.Supp.2d at 319. As a result, the Court must remand this matter. 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001); Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997). However, because the County's confusion was understandable, the Court will not impose sanctions for wrongful removal.[1] See 28 U.S.C. § 1447(c); Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (fees under § 1447(c) are discretionary).

**ORDER**

Therefore, IT IS HEREBY ORDERED that:

1. The previously set hearing date of February 3, 2014, is VACATED;
2. Defendant's motion to dismiss is DENIED as moot; and
3. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED and the Clerk shall return this case to the Fresno County Superior Court forthwith.

IT IS SO ORDERED.

Dated:   February 3, 2014                                    _____
                                                              SENIOR DISTRICT JUDGE

---

[1] Because the County's mistake was reasonable, no prejudice to a subsequent removal is intended.